UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80307-Civ-MATTHEWMAN

ROBYN SMITH and
ROGER SMITH,

    Plaintiffs,

v.

TARGET CORPORATION and
JANE DOE,

    Defendants.
_____/

FILED BY KJZ D.C.
Nov 18, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING JOINT MOTION TO FILE
## STORE VIDEO UNDER SEAL [DE 31]

THIS CAUSE is before the Court upon the parties' Joint Motion to File Store Video Under Seal ("Motion"). [DE 31]. For the reasons set forth below, the Motion is **DENIED.**

This is a personal injury case arising out of a slip and fall. According to the Motion, the store video footage at issue depicts the incident and the scene prior to and after the fall occurred. The Motion states that "[t]he parties have agreed to maintain the confidentiality of video and since it is electronic media, the parties seek the Court's permission to file same under seal." The Motion states that "[t]he subject video footage is material and relevant to the subject issues of the case and should be included as part of the Court's record evidence. The parties intend to reference portions of the video in their respective Motions for Partial and/or Final Summary Judgment. Likewise, the video may be included in Plaintiffs' Response in Opposition."

On the present record, the Court declines grant the Motion to seal the store video at issue. At the outset, the parties must understand that the mere designation of the video as "confidential" does not influence the Court's decision to seal a court filing. In seeking to file the video under seal, the movant must show good cause by providing specific reasons that justify sealing, as

opposed to just informing the Court that the parties wish to "maintain the confidentiality of video."

The Court does not take requests to seal lightly, given that "[u]nless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). It is clearly established that the general public possesses a common-law right to access judicial records and that judicial records are presumed to be public documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Judicial records are presumed to be public documents because "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309).

Based on the foregoing, the Motion to seal is denied, as the parties have not provided the Court with sufficient information to discern whether an adequate basis exists for sealing the video. Motions to seal must be supported by facts and may not be premised on generalized assertions of harm to individual or business interests. Because the Motion merely states that the parties wish to keep the video confidential, the Court cannot engage in the balancing of interests required to determine whether secrecy is necessary.

The Court offers a final note about motions to seal. When a party files a motion to seal, he or she is asking that the Court rely on sealed information when making substantive decisions

in their case. As the undersigned issue orders on substantive motions, absent extremely exceptional circumstances, the undersigned will not seal or redact any of the undersigned's rulings. Therefore, as a practical point, the information sought to be sealed will likely become a matter of public record eventually.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the parties' Joint Motion to File Store Video Under Seal [DE 31] is **DENIED.**

**ORDERED and ADJUDGED** in chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of November 2021.

_____
William Matthewman
United States Magistrate Judge