UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80307-Civ-MATTHEWMAN

ROBYN SMITH and
ROGER SMITH,

    Plaintiffs,

v.

TARGET CORPORATION and
JANE DOE,

    Defendants.
_____/

FILED BY KJZ D.C.
Nov 23, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING DEFENDANT'S UNOPPOSED MOTION TO FILE STORE VIDEO UNDER SEAL [DE 33]

THIS CAUSE is before the Court upon Defendant's Unopposed Motion to File Store Video Under Seal ("Motion"). [DE 33]. For the reasons set forth below, the Motion is **DENIED.**

This is a personal injury case arising out of a slip and fall. The Court previously denied the parties' Joint Motion to File Store Video Under Seal because the motion did not provide the Court with sufficient information to discern whether an adequate basis exists for sealing the store video at issue. [DE 32]. The Court's prior order also provided significant guidance regarding the Local Rules of this Court regarding sealed filings. *Id.*

Now, in an apparent renewed motion seeking the same relief, Defendant moves to file the store video under seal, this time arguing that, "[i]f the subject store video is not filed under seal, then the camera angles are readily observable to the public and TARGET's security efforts are compromised. This places TARGET's assets and, most importantly, the safety of its guests and employees at risk." [DE 33]. The Motion states that "[t]he parties intend to reference portions of the video in their respective Motions for Partial and/or Final Summary Judgment. Likewise, the video may be included in Plaintiffs' Response in Opposition." *Id.*

"The common-law right of access to judicial proceedings is 'an essential component of our system of justice' and 'instrumental in securing the integrity of the process.'" *Callahan v. United Network for Organ Sharing*, 20-13932, 2021 WL 5351863, at *3 (11th Cir. Nov. 17, 2021) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). The Motion states that the parties intend to rely on the store video footage in the summary judgment phase of this case. Therefore, the video at issue, sought to be filed in connection with a substantive motion, is presumed to be a public judicial record. *Callahan*, 2021 WL 5351863, at *3.

To find good cause to seal the store video at issue, the Court must balance the right of access to this public proceeding with Defendant's interest in keeping the store video confidential. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Such good cause "is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." *NXP B.V. v. Research In Motion, Ltd.*, No. 6:12-CV-498-ORL-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). Defendant's argument that the camera angles within the store requires secrecy is not persuasive. *Seale v. Target Corp.*, 2:17-CV-286-VEH, 2018 WL 1449526, at *2 (N.D. Ala. Jan. 4, 2018) (denying a motion to seal security footage within a Target store based upon similar arguments as the instant Motion). Security footage is routinely relied upon by both parties in a slip and fall case and there is nothing in Defendant's Motion that establishes a clearly defined and serious injury. In fact, Defendant has control over the position and angle of its own security cameras and can alter their position at any time to mitigate its alleged harm.

Having carefully reviewed Defendant's Motion, Defendant has not overcome the presumption that "proceedings in the United States District Court are public and Court filings are

matters of public record." S.D. Fla. L.R. 5.4(a).  The Court advises the parties and their counsel that there is a very high burden to meet in order to convince a federal court to seal substantive evidence and keep it secret and private from public view. The cost of doing business in a just legal system is transparency. Our federal courts must not only be just, but they must also be seen and perceived by the public as being just. The sealing of substantive evidence such as the video at issue here is the exception and not the rule. In this regard, the parties' counsel are directed to carefully read the Eleventh Circuit's recent published opinion issued earlier this month in *Callahan v. United Network for Organ Sharing, supra*, which opinion constitutes binding precedent

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Unopposed Motion to File Store Video Under Seal [DE 33] is **DENIED.**

**ORDERED and ADJUDGED** in chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of November 2021.

                                                                     William Matthewman
                                                                     United States Magistrate Judge